

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,344-01

### EX PARTE JESSE RAY ROSE, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. B11690-1 IN THE 198TH DISTRICT COURT FROM KERR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to eighty years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Rose v. State*, No. 04-12-00550-CR (Tex. App.—San Antonio Oct. 9, 2013)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to investigate the unidentified DNA sample found on the mask used during the commission

of the offense, failed to inform Applicant as to the strength of the State's case in order to assist Applicant in the determination of whether or not to accept the State's plea offer, failed to divulge the contents of Applicant's jail phone calls prior to Applicant rejecting the State's plea offer, failed to introduce the testimony from Applicant's parole revocation hearing wherein the complaining witness testified that Applicant was not the person who robbed him, and failed to challenge the lack of Applicant's fingerprints at the scene.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: July 1, 2015
Do not publish